UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER RASHAAD GRAHAM, Plaintiff, | : | PRISONER CASE NO. 3:12-CV-157 (JCH) |
| v. | : | |
| | : | FEBRUARY 14, 2012 |
| EDWARD MALDONADO, et al., Defendants. | : | |

INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Warden Edward Maldonado, Deputy Warden Stephen Faucher and Deputy Warden Don Cyr. All defendants are named in their individual and official capacities. The plaintiff seeks damages as well as declaratory and injunctive relief.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, beginning on June 10, 2011, he was sent to recreation with his hands cuffed behind his back and remained that way for the duration of the one-hour recreation period. The plaintiff states that he cannot exercise in his cell because doing so causes altercations with other inmates, there is insufficient air circulation, and the water in the cells is on a timer preventing him from cleaning up properly afterwards. In addition, remaining handcuffed in this position for one hour has resulting in spasm, neck cramps, shoulder and rotator cuff pain as well as cuts and contusions from the handcuffs themselves.

The court concludes that the complaint should be served on the named defendants in their individual and official capacities.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The **Pro Se Prisoner Litigation Office shall** verify the current work addresses for each individual defendant, mail waiver of service of process request packets to these defendants in their individual capacities within **fourteen (14)** days of this Order, and report to the court on the status of those waiver requests on the **thirty-**

**fifth (35)** day after mailing. The service of process request packet should include a copy of the complaint but need not contain the attached exhibits.

If any individual defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The **Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Complaint with all exhibits on the individual defendants in their official capacities and on defendants Department of Correction and University of Connecticut Health Center at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14)** days from the date of this order and to file returns of service within **twenty (20)** days from the date of this order.

(3) The **Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs

(4) The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **Defendants shall** file their response to the Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order. If they chooses to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted

by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 14th day of February 2012, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge